UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL LEE DUNSMORE,<br><br>                    Petitioner,<br>     v.<br>GEORGE NEOTTI, Warden, et al.,<br><br>                    Respondents. | Civil No.   11cv0721-AJB (JMA)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE** |

     Petitioner, a state prisoner proceeding pro se, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and has paid the filing fee. The Petition is subject to dismissal because Petitioner has not used a court-approved form and has not alleged exhaustion of state court remedies. In addition, Petitioner challenges the conditions of his confinement but not the fact or duration of his incarceration, and it appears his claims are properly brought in a civil rights action pursuant to 42 U.S.C. § 1983 rather than a habeas petition.

## FAILURE TO USE PROPER FORM

     A Petition for a Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. See Rule 2(d), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. Id.; S. D. CAL. CIVLR HC.2(b). Presently, Petitioner has not submitted the application for a writ of

habeas corpus on a court-approved form. A court-approved amended petition form will be sent to Petitioner along with a copy of this Order.

## **EXHAUSTION OF STATE COURT REMEDIES**

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." <u>Id.</u> at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." <u>Id.</u> at 366 (emphasis added).

Nowhere in the Petition does Petitioner allege that he raised his claims in the California Supreme Court. Petitioner merely states that he has submitted his claims to the state appellate court in a habeas petition. (Pet. at 4.) If Petitioner has raised his claims in the California Supreme Court he must so specify. The burden of proving that a claim has been exhausted lies with the petitioner. <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1981).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

  The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

## PROPER FORM OF ACTION

  Finally, the Court notes that Petitioner may be attempting to bring his claims in a habeas petition when he should present them in a civil rights action. Petitioner alleges that he is receiving improper medical care. (Pet. at 2.) He contends that the administrators and employees of the facility in which he is confined are deliberately indifferent to his medical needs. (<u>Id.</u>)

  Challenges to the fact or duration of confinement are properly brought in a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, whereas challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-500 (1973). When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release, his sole federal remedy is a writ of habeas corpus. <u>Id.</u> at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact

or length of his custody. Id. at 499; McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997).

Preiser left open the possibility of assertion of a conditions-of-confinement claim in a habeas application where additional and unconstitutional restraints are at issue. See Preiser, 411 U.S. at 499 ("This is not to say that habeas corpus may not also be available to challenge such prison conditions. When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal.") The allegations of improper medical care as alleged in the Petition are not the type of "additional and unconstitutional restraints" which are distinct from conditions of confinement, and Petitioner's allegations therefore do not state a claim cognizable on federal habeas. Wilwording v. Swenson, 404 U.S. 249, 251 (1971); Tucker v. Carlson, 925 F.2d 330, 332 (9th Cir. 1991).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not used a court-approved form and has not alleged exhaustion of state court remedies. In addition, it appears that Petitioner's claims are properly brought in a civil rights complaint pursuant to 42 U.S.C. § 1983 rather than in a habeas petition.

## CONCLUSION AND ORDER

Accordingly, the Court **DISMISSES** the Petition without prejudice due to Petitioner's failure to use a court-approved form and failure to allege exhaustion of state court remedies. The dismissal is without prejudice to Petitioner to file a First Amended Petition in which he cures the pleading defects identified in this Order and states a claim which is cognizable on federal habeas. The dismissal is also without prejudice to Petitioner to file a separate civil rights complaint pursuant to 42 U.S.C. § 1983, which will be assigned a separate civil number. To have this case reopened, Petitioner must file a First Amended Petition no later than **June 9, 2011**, in conformance with this Order. The Clerk of Court shall send Petitioner a blank Southern

District of California amended petition form and a blank Southern District of California 42 U.S.C. § 1983 Civil Rights Complaint form along with a copy of this Order.

**IT IS SO ORDERED.**

DATED: April 13, 2011

*/s/ Battaglia*
Hon. Anthony J. Battaglia
U.S. District Judge

Copies to:     ALL PARTIES